BL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kython K. Shaw,<br>    Plaintiff,<br>vs.<br>Joseph Arpaio,<br>    Defendant. | No. CV 05-3884-PHX-DGC (LOA)<br><br>**ORDER** |

    Plaintiff Kython K. Shaw, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio to answer the Complaint.

**A.  Application to Proceed *In Forma Pauperis* & Filing Fee**

    Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $8.26 will be assessed by this Order.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**C.     Complaint**

Plaintiff names as Defendants (1) Joseph Arpaio, Sheriff of Maricopa County, alleging that as sheriff, Defendant Arpaio is responsible for the standard operating procedures of the jail, and (2) Maricopa County Sheriff's Office. Plaintiff argues that his constitutional rights were violated by (1) an inadequate, non-nutritious, and tainted diet due to insufficient calories, food served at an improper temperature, and the serving of spoiled or rotten food, resulting in diarrhea, stomach pains, and nausea, (2) overcrowding,

1 resulting in fights, and (3) unsanitary conditions due to sewage back up, airborne
2 asbestos, the presence of dust and leeches in the shower, mold, and spiders, resulting in
3 chest congestion, breathing problems, runny nose, itchy eyes, and various viruses.
4 Plaintiff seeks monetary and other relief.

5 **D.     Failure to State a Claim.**

6       The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the
7 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
8 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
9 creation of the county sheriff to allow him to carry out his statutory duties, and not a
10 "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's
11 Office will be dismissed from this action as an improper Defendant.

12 **E.     Claims For Which An Answer Will be Required.**

13       At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
14 violated by (1) an inadequate, non-nutritious, and tainted diet, (2) overcrowding, and
15 (3) unsanitary conditions. Defendant Arpaio will be ordered to answer the Complaint.

16 **F.     Warning of Possible Dismissal Pursuant to Rule 41.**

17       Plaintiff should take notice that if he fails to timely comply with every provision of
18 this Order, or any order entered in this matter, this action will be dismissed pursuant to
19 Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258,
20 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order
21 of the Court).

22 **IT IS THEREFORE ORDERED that:**

23       (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted
24 pursuant to 28 U.S.C. § 1915(a)(1).

25       (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
26 Plaintiff is assessed an initial partial filing fee of $8.26. All fees shall be collected and paid

27
28

TERMPSREF

in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Defendant Maricopa County Sheriff's Office is dismissed with prejudice.

(4) Defendant Arpaio is ordered to answer the Complaint

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective

date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 27th day of December, 2005.

---
David G. Campbell
United States District Judge

TERMPSREF

- 6 -