BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kython K. Shaw, | No. CV 05-3884-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #7) for lack of exhaustion. Plaintiff has failed to respond. After careful review of the pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by (1) an inadequate diet, (2) overcrowding, and (3) him being housed in a condemned, unsanitary building (Doc. #1). Plaintiff asserted that he was informed by unnamed detention officers that his claims were not grievable (Id.). Defendant Arpaio was ordered to answer, and he subsequently filed a Motion to Dismiss (Docs. ##4, 7). In his Motion to Dismiss, Defendant argued that Plaintiff failed to exhaust his administrative remedies as he did not pursue any External Grievance Appeals (Doc. #7 at 5). Attached to the motion were (1) an affidavit by Sergeant Zelean Tademy, assigned to the Inmate Hearing Unit, and (2) Maricopa County Inmate Grievance Procedures (Id.; Doc. #8).

## II. Failure to Respond

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective. Additionally, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Plaintiff, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, repeatedly was notified that he must inform this Court of any change of address (Docs. ## 2, 5).

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #9). Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Moreover, mail sent to Plaintiff has been returned as undeliverable (Doc. #11). Accordingly, Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it. Alternatively, because Plaintiff has failed to notify this Court of his change of address, his action may be dismissed pursuant to Rule 41(b). However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

## III. Legal Standard on Motion to Dismiss

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017

- 2 -

(9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

**IV. Analysis**

According to the documents attached to the motion to dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. Tademy attested that Plaintiff did not file any grievances (Doc. #7, ex. 1; Doc. #8).

Defendant has demonstrated that there exists a grievance system which was made available to the Plaintiff, and of which he did not avail himself. Further, Plaintiff's mere allegation in his Complaint that he was told by an unnamed detention officer that his claims were non-grievable is insufficient to support an allegation that Plaintiff was "reliably informed" that there were no available remedies. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted his administrative remedies. Defendant's Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 25th day of July, 2006.

_____
David G. Campbell
United States District Judge